Loíza Sugar Co., demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 5383.—*Sometido:* Mayo 20, 1931. *Resuelto:* Julio 26, 1932.

*Jaime Sifre, Jr. y Horacio Franceschi,* abogados de la apelante; *Attorney General James R. Beverley y M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

█ Este es un caso en que la demandante trató de recobrar contribuciones pagadas bajo protesta que le habían sido cobradas como "contribuciones sobre beneficios excesivos." En enero de 1919, la demandante tenía cierta caña en estado de crecimiento en sus terrenos o en los pertenecientes a sus colonos, que, según cada cual admite, no estaba sujeta a contribución sobre la propiedad. Para julio de 1919 esta cosecha se había convertido en mieles y azúcar, valorados en $856,924.50. La compañía azucarera había presentado una planilla al Tesorero en que incluía esta miel y azúcar como parte del capital de la firma. Esta contribución sobre beneficios excesivos, bajo la sección 17 de la Ley No. 43 de 1921 (Leyes de ese año, pág. 331) se graduaba según la relación del ingreso con el capital. Para cualquier cantidad de beneficios, tal como se admitió en la vista, mientras mayor fuera el capital, menor sería la contribución sobre ingresos. A tenor de la sección 18 de la ameritada ley, làs palabras "Capital invertido," para los fines de la contribución sobre beneficios excesivos, fueron definidas así:

"(a) En el caso de corporaciones el valor tasado a los efectos de la contribución de toda la propiedad mueble e inmueble perteneciente a dicha corporación más el valor de cualquier propiedad radicada o invertida en Puerto Rico no sujeta a contribución pero perteneciente a la corporación y dedicada al negocio o negocios que producen el ingreso y que existían al comenzar el año contributivo a que el ingreso corresponde.

"(b) *  *  *  *  *  *  *
"(c) *  *  *  *  *  *  *"

La corte inferior resolvió que estos azúcares y mieles no podían ser considerados como capital invertido.

En su alegato original en este caso la apelante trató de demostrar que esos azúcares y mieles debían considerarse como invertidos en el negocio. Desde nuestro punto de vista, la contención más importante era la de si azúcar y mieles listos para ser vendidos, pero demorados por falta de facili-

dades de transportación o por otras causas, podrían considerarse como capital. Aparece que la propiedad fué vendida posteriormente por $956,267.58, se dedujo el costo, y se incluyó en la planilla de la compañía una ganancia de $106,303.08.

Con posterioridad a la radicación del alegato de la apelante, la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito resolvió que la sección 17 de la ley, que fijaba la cantidad de la contribución sobre beneficios excesivos, era inconstitucional por no ser uniforme. La corte, en *Domenech* v. *Havemeyer,* 49 F(2d) 849, 852, dijo:

"Las contribuciones que ahora se tratan de recobrar en los tres pleitos son en gran parte contribuciones sobre beneficios excesivos. Las creemos prohibidas por la sección 2 de la Carta Orgánica (39 Stat. 952. . .), que exige que la Legislatura de Puerto Rico imponga contribuciones uniformes.

"Pero esta ley No. 43 de 1921, en su sección 17 (3), intitulada 'Contribución sobre beneficios excesivos', dispone que: 'Además de la contribución normal, se impondrá. . . . sobre el ingreso neto que exceda de diez mil (10,000) dólares. . . . una contribución por concepto de beneficios excesivos, como sigue: Cuando la proporción entre el ingreso neto y el capital invertido sea menos del 15 por ciento, 5 por ciento sobre el ingreso neto que exceda del 10 por ciento del capital invertido en el año contributivo.' A esto siguen, bajo la sección 17 (3), diez párrafos que tratan de los beneficios que excedan del diez por ciento del capital invertido, en cada caso disponiendo contribuciones a un tipo mayor sobre todo el exceso superior al 10 por ciento. Se sigue que un contribuyente cuyo ingreso neto fuera ligeramente menor—digamos 20 por ciento del capital invertido—tendría que pagar una contribución por todo su ingreso neto superior al 10 por ciento a razón del 5½ por ciento solamente; mientras que un contribuyente cuyo ingreso fuera ligeramente en exceso del 20 por ciento, tendría que pagar una contribución del 6 por ciento sobre todo su ingreso neto superior al 10 por ciento del capital invertido. En otras palabras, una diferencia muy pequeña en el ingreso neto del contribuyente resultaría en un aumento substancial del tipo de la contribución a que estaría sujeto el volumen de sus ingresos. El tipo más alto (impuesto adicional o *surtax*) no queda limitado, cuando lo haya, a la cantidad en exceso del tanto por ciento a razón del cual

empieza el tipo más alto, como sucede en la ley de contribuciones federal. Compárense la ley de octubre 3, 1917, sec. 2 (40 Stat. 300, 301), y la Ley de Rentas de 1918, sec. 211 (a), 40 Stat. 1062. Esto no puede sostenerse.''

La apelante obtuvo permiso de este tribunal para radicar un alegato adicional. El alegato se radicó y el gobierno no lo ha contestado. El razonamiento de la Corte de Circuito no nos deja duda alguna de que la ley de contribuciones sobre beneficios excesivos era en verdad anticonstitucional.

██ ██ La apelante dedicó una parte considerable de su alegato para tratar de demostrar que este tribunal podía investigar la constitucionalidad de la ley a pesar de que se dejara de alegar la anticonstitucionalidad de la misma en el alegato original. La cuestión del señalamiento de errores cae claramente dentro de la discreción de la corte. La jurisprudencia citada por la apelante es también clara en el sentido de que no debe darse paso alguno que sostenga derechos alegados al amparo de un estatuto anticonstitucional. La cuestión asimismo queda abarcada por nuestro propio estatuto especial que lee así:

''Sección 1.—Que el Tribunal Supremo de Puerto Rico constituirá de aquí en adelante un Tribunal de Apelación y no un Tribunal de Casación. En sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, dicho Tribunal no se limitará solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el Tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras.''

*Debe confirmarse la sentencia apelada en cuanto ordenó la devolución de $245.04, y revocarse en tanto se negó a conceder las demás cantidades reclamadas; y la sentencia de este Tribunal deberá declarar con lugar la demanda.*

El Juez Asociado Señor Córdova Dávila no intervino.