F. FEBLES & CÍA., S EN C., demandante y apelada, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 6914.—*Sometido:* Abril 2, 1936. *Resuelto:* Diciembre 22, 1936.

*Hon. Procurador General B. Fernández García (Jesús A. González, como Procurador General Interino, en el alegato) y Angel C. Calderón, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante y apelada sostenía que bajo la Ley núm. 74 de 1925 (pág. 401), tenía derecho a una rebaja de $5,000 de sus ingresos netos al calcular su contribución sobre ingreso, mientras que el Tesorero solamente le permitía una rebaja de $3,000. El Tesorero seguía o trataba de seguir la Ley núm. 18 de 1927 (pág. 487), que, según él, solamente

---

* NOTA: Véase el prefacio.

concedía a la apelada derecho a la deducción menor. La sección 34, (b) de la Ley núm. 74 de 1925 (Leyes de ese año, página 483), antes de ser enmendada leía así:

"Sección 34. Para los fines de la contribución impuesta por la sección 28 solamente se concederán los siguientes créditos:

"(a)    .    .    .    .    .    .    .

"(b) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de veinte y cinco mil dólares, un crédito específico de $5,000 y en los demás casos, un crédito específico de $4,000.''

La sección 6 de la Ley núm. 18 de 1927 (Leyes de ese año, página 491) que enmendó la sección 34 (b), supra, lee ahora de la manera siguiente:

"Sección 6.—Que el apartado (b) de la Sección 34 de dicha Ley queda por la presente enmendado en la forma siguiente:

" '(b) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de diez mil (10,000) dólares, un crédito específico de tres mil (3,000) dólares y en los casos en que el ingreso neto exceda de diez mil (10,000) dólares no se concederá crédito alguno. Las corporaciones o sociedades extranjeras (aún cuando tengan oficina o sitio de negocios en Puerto Rico), no tienen derecho al crédito de tres mil (3,000) dólares que se concede a las corporaciones y sociedades domésticas.' ''

Bajo los preceptos de la ley de 1927 a una sociedad o corporación con un ingreso neto de más de $10,000 no se le concede rebaja alguna. La ley de 1927 fué atacada como discriminatoria. La corte de distrito resolvió que la disposición arriba copiada de la ley de 1927 es inconstitucional.

Existen dudas en la mente de algunos de los miembros de la Corte respecto a la constitucionalidad de la ley, cuestión que no discutiremos ahora por los motivos siguientes:

La demandante tuvo un ingreso durante cada uno de los tres años de que se queja de menos de $10,000 y por tanto no fué afectada por las disposiciones de la Ley de 1927, que no otorgaba crédito alguno a las personas que

recibieran más de $10,000. Nadie dudaría que la Legislatura tenía el derecho bajo un estatuto que por otra parte fuera constitucional, a fijar la rebaja en $3,000 más bien que en $5,000, si así lo hubiera deseado, como lo deseó. La parte del estatuto que concedía exenciones solamente a personas que recibían menos de $10,000 es un precepto independiente y el dejar de exentar a las personas que recibían más de $10,000 no está entrelazado con el hecho, ni de él depende, de que las personas que reciban menos de $10,000 tengan una exención. Una persona que recibe menos de $10,000 no queda perjudicada a no ser por la rebaja de su exención de $5,000, existente bajo la ley de 1925, a $3,000 bajo la ley actual. Indudablemente la demandante podría ser beneficiada al declararse la ley inconstitucional pero por el presente se halla solamente en la posición de tener derecho a una rebaja de $3,000 más bien que de $5,000. Una entidad que reciba más de $10,000 es la que sufriría verdadero perjuicio, de sufrirlo. Fácilmente podría suceder que las personas que reciben más de $10,000 nunca ataquen el estatuto porque la ley podría ser derogada o enmendada antes de que éstas pudieran ser por ella afectadas. Por tanto, nos sentimos obligados a resolver que la demandante no fué afectada por la disposición legal y en su consecuencia que no tenía *status* ante la corte para atacar la validez del estatuto. *Hatch* v. *Reardon,* 204 U.S. 152, 160; *Dillingham* v. *McLaughlin,* 264 U.S. 370; *Roberts & Schaeffer* v. *Emmerson,* 271 U.S. 50, 55; *Standard Stock Food Co.* v. *Wright,* 225 U.S. 540, 550; *Southern Railway Co.* v. *King,* 217 U.S. 524, 534; *Cooley on Taxation,* Vol. 1, sec. 367; véase nota en 19 Amer. & Eng. Annotated Cases, y casos en ella citados.

*Debe revocarse la sentencia.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.