J. M. BLANCO, INC., demandante y apelada, *v.* R. SANCHO
BONET, como TESORERO DE PUERTO RICO, demandado y
apelante.

Núm. 7702.—*Sometido:* Febrero 9, 1939. *Resuelto:* Julio 22, 1939.

*Hon. Procurador General B. Fernández García y E. Campos del Toro, Procurador General Auxiliar,* abogados del apelante; *Gabriel de la Haba y J. J. Ortiz Alibrán,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

J. M. Blanco, Inc., una corporación organizada de acuerdo con las leyes de la Isla, demandó al Tesorero de Puerto Rico reclamando la devolución de ciertas contribuciones sobre ingresos que pagó bajo protesta.

Ejercitó cinco causas de acción. Por la primera alegó que para el año 1930 liquidó una pérdida neta de $10,423.58 y el Tesorero sin motivo justificado la rebajó a $8,643.97; por la segunda, que el Tesorero le impuso una contribución sobre ingresos de $1,004.96, en concepto de deficiencia, para el año 1931, por haber agregado a su ingreso bruto $3,483.61, que la demandante nunca recibió, alegando además que cualquiera que fuere su ingreso bruto tiene derecho a una exención de cinco mil dólares de acuerdo con la Ley Núm. 74 de 1925 (pág. 401), sección 34 (*b*); por la tercera, que para el año 1932 el Tesorero le impuso una contribución sobre ingresos en concepto de deficiencia ascendente a $965.83 por haberle agregado a su ingreso bruto $1,748 que nunca recibió, reclamando de igual modo la exención de cinco mil dólares; por la cuarta, que para el siguiente año 1933 el Tesorero le impuso $673.12 de contribución sobre ingresos en concepto de deficiencia, por haber aumentado su ingreso bruto en $1,805 que nunca percibió, reclamando de igual modo la indicada exención, y por la quinta que el Tesorero, para el año siguiente de 1934, le impuso $233.60 de contribución sobre ingresos en concepto de deficiencia, por haberle aumen-

tado su ingreso bruto en $1,763 que nunca recibió, recla-- mando de igual modo la exención de cinco mil dólares en vez de la de tres mil que le había sido concedida en todos los casos.

Después de acudir sin éxito ante la Junta de Revisión e Igualamiento, la demandante, como ya indicamos, pagó bajo protesta las indicadas contribuciones que con sus intereses ascendieron a $2,795.41 e inició este pleito reclamando su devolución con intereses legales desde la fecha del pago, pidiendo además que se declarara inconstitucional la sección 6 de la Ley Núm. 18 de 1927 (pág. 145) que fué la que sirvió al Tesorero para imponer la contribución.

Contestó el demandado separadamente las alegaciones de cada una de las cinco causas de acción, explicando en cada caso su actuación y sosteniendo la validez de la misma.

Luego ambas partes presentaron a la corte la siguiente estipulación:

"Comparecen ahora la demandante y el demandado, por sus respectivos abogados, para estipular que se dicte sentencia en este caso, y al efecto, en virtud del estudio que han hecho de los récords oficiales en el Departamento de Tesorería, y de las alegaciones de las partes, convienen y aceptan los siguientes hechos:

"(1) En cuanto a la primera causa de acción, que se refiere al año contributivo de 1930, la demandante, a los efectos de esta estipulación, acepta como probadas todas las alegaciones de hecho según aparecen de la contestación del demandado (apartados 1, 2, 3 y 4.)

"(2) En cuanto a la segunda causa de acción, que se refiere al año contributivo de 1931, la demandante acepta a los efectos de esta estipulación, como probadas, todas las alegaciones de hecho según se especifican detalladamente en la contestación del demandado (apartado 4to.) y el demandado acepta que el ingreso neto total de la demandante en este año ascendió a $10,355.97, y niega, como cuestión de ley, que la demandante tenga derecho a un crédito o exención de $5,000.00, de acuerdo con la Sección 36(b) de la Ley núm. 74 de 6 de agosto de 1925, cualquiera que sea su ingreso; y en contrario alega el demandado que la demandante no tiene derecho a crédito o exención alguna porque la ley aplicable a su caso, en 1931, no es la ley núm. 74 de 1925, y sí la Ley núm. 18 de 3 de junio de 1927,

que la demandante considera nula por ser contraria al principio de uniformidad que establece la Carta Orgánica de Puerto Rico.

"(3) En cuanto a la tercera causa de acción, que se refiere al año contributivo de 1932, la demandante acepta a los efectos de esta estipulación, como probadas, todas las alegaciones del demandado, según aparecen de su contestación; y a los efectos de la cuestión de derecho planteada por la demandante, acepta el demandado que el beneficio neto total de la demandante en dicho año fué $13,544.48, estipulando en cuanto a esta cuestión de derecho exactamente lo mismo que han estipulado en cuanto al año 1931.

"(4) En cuanto a la cuarta causa de acción, que se refiere al año contributivo de 1933, la demandante acepta a los efectos de esta estipulación, como probadas, todas las alegaciones de hecho del demandado, según se especifican detalladamente en su contestación, y a los efectos de la cuestión de derecho planteada, el demandado acepta que en el año 1933, el ingreso neto total de la demandante es $11,454.97, estipulando respecto de dicha cuestión de derecho lo mismo que han estipulado en la segunda y tercera causas de acción anteriores.

"(5) En cuanto a la quinta causa de acción, que se refiere al año contributivo de 1934, la demandante acepta, a los efectos de esta estipulación, como probadas, todas las alegaciones de hecho del demandado, según aparecen detalladamente en su contestación, y a los efectos de la cuestión de derecho planteada, el demandado acepta que el ingreso neto total de la demandante en el año 1934 fué $9,756.22, alegando el demandado que la demandante sólo tiene derecho en este año a una exención o crédito de $3,000.00 y la demandante que tiene derecho a una exención de $5,000.00 por los motivos expresados anteriormente.

"Los efectos de esta estipulación son considerar probados los hechos según los alega el demandado, o lo que es lo mismo, que la demandante renuncia a las cuestiones de hecho planteadas, dejando subsistente para resolución del Tribunal la cuestión de derecho planteada en la segunda, tercera, cuarta y quinta causas de acción en lo que se refiere a la nulidad o validez de la sección 6 de la Ley número 18 de 3 de junio de 1927, y a la aplicación o no aplicación de la sección 36 (b) de la Ley número 74 de 6 de agosto de 1925."

Y basándose en ella dictó la corte de distrito su sentencia fundándola en una relación de hechos y opinión de la cual transcribimos lo que sigue:

"Como resulta de la estipulación precedentemente transcrita, la demandante acepta los hechos alegados en la contestación en oposición a la primera causa de acción. Aceptando tales hechos como ciertos, claro es que no debe prosperar la primera causa de acción.

"En cuanto a las cuatro restantes causas de acción, la cuestión a resolver es si el Tesorero al computar la contribución por deficiencia debió aplicar y conceder la exención de $5,000.00 concedida por la sección 34 (b) de la Ley Núm. 74 de 1925, o si por el contrario es de aplicación la sección 6 de la Ley Núm. 18 de 1927 que no concede tal exención.

"Alega la demandante que la sección 6 de la Ley Núm. 18 de 1927 es nula por inconstitucional, y así lo resolvió esta Corte por el Juez que suscribe en el caso de Méndez Hnos. v. Manuel V. Domenech, Civil Núm. 18140, en el que refiriéndose a esta cuestión, se expresó en los siguientes términos:

" 'Pasemos ahora a considerar la segunda cuestión levantada por la demandante, o sea, el derecho que alega tener a una deducción de $5,000 de un ingreso neto por no exceder éste de $25,000 durante el período contributivo objeto de la contribución pagada bajo protesta.

" 'La sección 34 de la Ley Núm. 74 de 1925 en que se ampara la demandante, en lo pertinente dice así:

" ' "Sección 34.—Para los fines de la contribución impuesta por la sección 28, solamente se concederán los siguientes créditos:

\*      \*      \*      \*      \*      \*      \*

" ' " (b) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de $25,000.00 un crédito específico de $5,000.00 y en los demás casos, un crédito específico de $4,000.00.''

" 'En el año 1927 se trató de enmendar el precepto antes transcrito y al efecto se aprobó la Ley Núm. 18 de 1927 (pág. 487) cuya sección 6 dice así:

" ' "Sección 6.—Que el apartado (b) de la Sección 34 de dicha Ley, quede por la presente enmendado en la forma siguiente:

" ' " (b).—En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de $10,000 un crédito específico de $3,000.00, y en los casos en que el ingreso neto exceda de $10,000, no se concederá crédito alguno. Las corporaciones o sociedades extranjeras (aún cuando tengan oficina o sitio de negocio en Puerto Rico) no tienen derecho al crédito de $3,000.00 que se concede a las corporaciones y sociedades domésticas.''

" 'Se alega por la demandante que esta Ley enmendatoria es inconstitucional, y que por consiguiente no puede afectar en nada ni mucho menos derogar la sección 34 (b) de la Ley Núm. 74 de 1925, que ha quedado en vigor y al amparo de la cual reclama la exención de $5,000.00.

" 'Tiene razón la demandante. El caso de *Domenech* v. *Havemeyer*, 49 F. (2d) 849 aunque es un caso de contribuciones sobre beneficios excesivos, nos señala el derrotero a seguir en la solución del problema planteado.

" 'La sección 2 de nuestra Carta Orgánica exige que la Legislatura de Puerto Rico imponga contribuciones uniformes y la contribución impuesta por la enmienda de la Ley de 1927 no resulta uniforme desde el momento en que una corporación doméstica o sociedad cuyo ingreso neto no exceda de $10,000.00 tiene derecho a una exención de $3,000.00, mientras que otra sociedad o corporación de la misma naturaleza cuyo ingreso es de $10,001.00 no tiene derecho a exención alguna. Es claro que la Ley sería uniforme y por consiguiente constitucional si a todos los contribuyentes por igual se les concediese la exención de $3,000.00 sobre los primeros $10,000.00. Véase el persuasivo razonamiento de la Corte de Circuito de Apelaciones Primer Circuito en el caso de Domenech v. Havemeyer, supra.

" 'Siendo como es inconstitucional la ley enmendatoria, la ley original no puede ser afectada por ella y está en toda su fuerza y vigor. Véanse al efecto 25 R.C.L. 906, sección 157; 11 A.L.R. 510, y 66 A.L.R. 1477 y su anotación.' (Opinión de la Corte de Distrito de San Juan, en el caso de Méndez Hnos. supra, págs. 9 y 10.)

"Sosteniendo como sostenemos que la demandante tiene derecho a la exención de $5,000.00 que reclama, y que debió deducirse dicha exención durante los años contributivos de 1931, 1932, 1933 y 1934, procede en este caso una sentencia declarando que la demandante tiene derecho a la exención antes mencionada por los cuatro años ya expresados, debiendo procederse a liquidar de nuevo la contribución para dichos años, de acuerdo con los términos de esta opinión, debiendo devolverse por el Tesorero de Puerto Rico a la demandante cualquier balance que pudiere resultar a favor de ésta, con intereses legales desde la interposición de la demanda, que lo fué el día 22 de enero de 1937, hasta la fecha del pago, imponiéndose las costas al demandado sin incluir honorarios de abogado.''

No conforme el demandado, apeló. Señala en su alegato tres errores, cometidos a su juicio por la corte, 1, al resol-

ver que la Ley núm. 18, de 3 de junio de 1927, enmendatoria del apartado (*b*) de la sección 34 de la Ley núm. 74 de 6 de agosto de 1925, es inconstitucional; 2, al resolver que la demandante tiene derecho a una exención de $5,000 al computarse su ingreso neto tributable correspondiente a los años 1931, 1932, 1933 y 1934, a virtud de la exención que le concede la sección 34 (*b*) de la Ley núm. 74, de agosto 6 de 1925, y 3, al ordenar que por el Tesorero de Puerto Rico se liquide nuevamente la contribución objeto de este pleito, deduciendo del ingreso neto tributable de la demandante la cantidad de $5,000 para cada uno de los años contributivos a que se refiere la demanda.

▆ La misma cuestión constitucional que ahora se levanta se suscitó en el caso de *F. Febles & Cía.* v. *Sancho Bonet, Tes.,* 50 D.P.R. 778. La opinión de la corte en dicho caso, emitida por su Juez Asociado Sr. Wolf, dice:

"La demandante y apelada sostenía que bajo la Ley núm. 74 de 1925 (pág. 401), tenía derecho a una rebaja de $5,000 de sus ingresos netos al calcular su contribución sobre ingresos, mientras que el Tesorero solamente le permitía una rebaja de $3,000. El Tesorero seguía o trataba de seguir la Ley núm. 18 de 1927 (pág. 487), que, según él, solamente concedía a la apelada derecho a la deducción menor. La sección 34 (*b*) de la Ley núm. 74 de 1925 (Leyes de ese año, página 483), antes de ser enmendada leía así:

" ' 'Sección 34. Para los fines de la contribución impuesta por la sección 28 solamente se concederán los siguientes créditos:

" ' '(*a*)   ＊   ＊   ＊   ＊   ＊   ＊   ＊

" ' '(*b*) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de veinte y cinco mil dólares, un crédito específico de $5,000 y en los demás casos, un crédito específico de $4,000.'

"La sección 6 de la Ley núm. 18 de 1927 (Leyes de ese año, página 491) que enmendó la sección 34 (*b*), supra, lee ahora de la manera siguiente:

" 'Sección 6.—Que el apartado (*b*) de la Sección 34 de dicha Ley queda por la presente enmendado en la forma siguiente:

" ' ' "(*b*) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de diez mil (10,000) dólares, un crédito específico de tres mil (3,000) dólares y en los casos en que el ingreso

neto exceda de diez mil (10,000) dólares no se concederá crédito alguno. Las corporaciones o sociedades extranjeras (aún cuando tengan oficina o sitio de negocios en Puerto Rico), no tienen derecho al crédito de tres mil (3,000) dólares que se concede a las corporaciones y sociedades domésticas.'' '

''Bajo los preceptos de la ley de 1927 a una sociedad o corporación con un ingreso neto de más de $10,000 no se le concede rebaja alguna. La ley de 1927 fué atacada como discriminatoria. La corte de distrito resolvió que la disposición arriba copiada de la ley de 1927 es inconstitucional.

''Existen dudas en la mente de algunos de los miembros de la Corte respecto a la constitucionalidad de la ley, cuestión que no discutiremos ahora por los motivos siguientes:

''La demandante tuvo un ingreso durante cada uno de los tres años de que se queja de menos de $10,000 y por tanto no fué afectada por las disposiciones de la Ley de 1927, que no otorgaba crédito alguno a las personas que recibieran más de $10,000. Nadie dudaría que la Legislatura tenía el derecho bajo un estatuto que por otra parte fuera constitucional, a fijar la rebaja en $3,000 más bien que en $5,000, si así lo hubiera deseado, como lo deseó. La parte del estatuto que concedía exenciones solamente a personas que recibían menos de $10,000 es un precepto independiente y el dejar de exentar a las personas que recibían más de $10,000 no está entrelazado con el hecho, ni de él depende, de que las personas que reciban menos de $10,000 tengan una exención. Una persona que recibe menos de $10,000 no queda perjudicada a no ser por la rebaja de su exención de $5,000, existente bajo la ley de 1925, a $3,000 bajo la ley actual. Indudablemente la demandante podría ser beneficiada al declararse la ley inconstitucional pero por el presente se halla solamente en la posición de tener derecho a una rebaja de $3,000 más bien que de $5,000. Una entidad que reciba más de $10,000 es la que sufriría verdadero perjuicio, de sufrirlo. Fácilmente podría suceder que las personas que reciban más de $10,000 nunca ataquen el estatuto porque la ley podría ser derogada o enmendada antes de que éstas pudieran ser por ella afectadas. Por tanto, nos sentimos obligados a resolver que la demandante no fué afectada por la disposición legal y en su consecuencia que no tenía *status* ante la corte para atacar la validez del estatuto. *Hatch* v. *Reardon,* 204 U. S. 152, 160; *Dillingham* v. *McLaughlin,* 264 U. S. 370; *Roberts & Schaeffer* v. *Emerson,* 271 U. S. 50, 55; *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540, 550; *Southern Railway Co.* v. *King,* 217 U. S. 524, 534;

Cooley on Taxation, Vol. 1, sec. 367; véase nota en 19 Amer. & Eng. Annotated Cases, y casos en ella citados.

"Debe revocarse la sentencia."

Si se tratara sólo del ejercicio de la quinta causa de acción en la cual el ingreso no excedió de diez mil dólares, aplicada la regla sentada, debería revocarse la sentencia recurrida, ya que el Tesorero concedió la exención de tres mil dólares.

Pero en las causas de acción segunda, tercera y cuarta los ingresos excedieron de diez mil dólares—en $355.97 en la segunda, en $3,544.48 en la tercera y en $1,454.97 en la cuarta— y el Tesorero de acuerdo con los términos expresos de la ley negó toda exención, lo que hace que la cuestión deba inevitablemente resolverse.

El caso de *Domenech* v. *Havemeyer*, 49 F. (2d) 849 que sirvió de base a la corte de distrito para su declaración de inconstitucionalidad, fué aplicado por esta corte para resolver el de *Loíza Sugar Co.* v. *Domenech, Tesorero*, 43 D.P.R. 892, en los términos que constan de la opinión de esta corte también emitida por su Juez Asociado Sr. Wolf, como sigue:

"Con posterioridad a la radicación del alegato de la apelante, la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito resolvió que la sección 17 de la ley, que fijaba la cantidad de la contribución sobre beneficios excesivos, era inconstitucional por no ser uniforme. La corte, en *Domenech* v. *Havemeyer*, 49 F. (2d) 849, 852, dijo:

" 'Las contribuciones que ahora se tratan de recobrar en los tres pleitos son en gran parte contribuciones sobre beneficios excesivos. Las creemos prohibidas por la sección 2 de la Carta Orgánica (39 Stat. 952. . .), que exige que la Legislatura de Puerto Rico imponga contribuciones uniformes.

" 'Pero esta ley núm. 43 de 1921, en su sección 17 (3), intitulada "Contribución sobre beneficios excesivos", dispone que: "Además de la contribución normal, se impondrá . . . sobre el ingreso neto que exceda de diez mil (10,000) dólares . . . una contribución por concepto de beneficios excesivos, como sigue: Cuando la proporción entre el ingreso neto y el capital invertido sea menos del 15 por ciento, 5 por ciento sobre el ingreso neto que exceda del 10 por ciento del capital invertido en el año contributivo." A esto siguen, bajo la

sección 17 (3), diez párrafos que tratan de los beneficios que excedan del diez por ciento del capital invertido, en cada caso disponiendo contribuciones a un tipo mayor sobre todo el exceso superior al 10 por ciento. Se sigue que un contribuyente cuyo ingreso neto fuera ligeramente menor—digamos 20 por ciento del capital invertido— tendría que pagar una contribución por todo su ingreso neto superior al 10 por ciento a razón del 5½ por ciento solamente; mientras que un contribuyente cuyo ingreso fuera ligeramente en exceso del 20 por ciento, tendría que pagar una contribución del 6 por ciento sobre todo su ingreso neto superior al 10 por ciento del capital invertido. En otras palabras, una diferencia muy pequeña en el ingreso neto del contribuyente resultaría en un aumento substancial del tipo de la contribución a que estaría sujeto el volumen de sus ingresos. El tipo más alto (impuesto adicional o *surtax*) no queda limitado, cuando lo haya, a la cantidad en exceso del tanto por ciento a razón del cual empieza el tipo más alto, como sucede en la ley de contribuciones federal. Compárense la ley de octubre 3, 1917, sec. 2 (40 Stat. 300, 301), y la Ley de Rentas de 1918, sec. 211 (*a*), 40 Stat. 1062. Esto no puede sotenerse.'

"La apelante obtuvo permiso de este tribunal para radicar un alegato adicional. El alegato se radicó y el gobierno no lo ha contestado. El razonamiento de la Corte de Circuito no nos deja duda alguna de que la ley de contribuciones sobre beneficios excesivos era en verdad anticonstitucional."

De suerte que si el discrimen entre unos y otros contribuyentes observado en la Ley núm. 43 de 1921 (pág. 313), sección 17, fué la base de su declaración de inconstitucionalidad, siendo dicho discrimen similar al que se observa en la Ley núm. 18 de 1927, sección 6, también debe servir de base a su declaración de inconstitucionalidad.

Ahora bien, ¿debe dicha declaración limitarse a la ley en cuanto resulta en realidad de verdad discriminatoria o hacerse en términos generales como lo hizo la corte de distrito, de tal modo que nula la enmienda quede en todo su vigor la ley que se trató de enmendar?

A nuestro juicio la declaración debe hacerse en forma limitada, de acuerdo con el razonamiento contenido en la opinión del citado caso de *F. Febles y Co.* v. *Sancho Bonet, Tes.,*

supra, que dejamos transcrita. Y siendo ello así, no tiene derecho la demandante a la exención de cinco mil dólares que reclama sino a la de tres mil que fija la sección 6 de la Ley núm. 18 de 1927 en su parte constitucional.

A virtud de esta interpretación se da efecto a la voluntad legislativa en cuanto a la reducción de la exención de cinco a tres mil dólares (*F. Febles y Co.* v. *Sancho Bonet, Tes.*, supra, pág. 780) y se concede la exención a todos por igual, lo mismo a los contribuyentes cuyos ingresos no excedan de diez mil dólares que a aquéllos cuyos ingresos pasen de esa suma, desapareciendo en tal virtud el discrimen y quedando la ley como si estuviera redactada en la forma indicada por la propia corte sentenciadora para que resultara constitucional, a saber, exención de tres mil sobre los primeros diez mil dólares en todos los casos.

En cuanto a la circunstancia de no haberse levantado ante la Junta de Revisión e Igualamiento la cuestión constitucional que se suscitó en la corte del distrito, puede contestarse con lo que se dijo al final de la otra decisión de esta propia corte que dejamos citada en extenso, a saber, *Loíza Sugar Co.* v. *Domenech, Tesorero,* supra. Fué así:

"La apelante dedicó una parte considerable de su alegato para tratar de demostrar que este tribunal podía investigar la constitucionalidad de la ley a pesar de que se dejara de alegar la anticonstitucionalidad de la misma en el alegato original. La cuestión del señalamiento de errores cae claramente dentro de la discreción de la corte. La jurisprudencia citada por la apelante es también clara en el sentido de que no debe darse paso alguno que sostenga derechos alegados al amparo de un estatuto anticonstitucional. La cuestión asimismo queda abarcada por nuestro propio estatuto especial que lee así:

"'Sección 1.—Que el Tribunal Supremo de Puerto Rico constituirá de aquí en adelante un Tribunal de Apelación y no un Tribunal de Casación. En sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, dicho Tribunal no se limitará solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o

según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el Tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras.' ''

*Por virtud de todo lo expuesto debe modificarse la sentencia recurrida en el sentido de declarar anticonstitucional la sección 6 de la Ley núm. 18 de 1927 sólo en cuanto no concede crédito alguno en los casos en que el ingreso neto exceda de diez mil dólares, debiendo devolverse el caso al Tesorero para que practique la nueva liquidación no a base de una exención de cinco mil dólares si que de tres mil, y así modificada, deberá dicha sentencia recurrida confirmarse.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.