GARCÍA & GONZÁLEZ, demandante y apelada, *v.* TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7964.—*Sometido:* Febrero 16, 1940. *Resuelto:* Abril 30, 1940.

*Hon. Procurador General George A. Malcolm (B. Fernández García,*
*Ex-Procurador General,* en el alegato) y *M. Rodríguez Ramos,*
*Procurador Auxiliar,* abogados del apelante; *M. Acosta Velarde,*
abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Se trata de recobrar una suma de dinero pagada al Tesoro Insular bajo protesta. En la demanda se alega que la sociedad demandante presentó al Tesorero de Puerto Rico una declaración de ingresos para el año contributivo 1929, de la que aparecía un ingreso neto de $5,396.42, sobre el cual la demandante pagó una contribución ascendente a $299.56; que con posterioridad a ese pago el Tesorero notificó a la demandante que de una investigación practicada en sus libros de contabilidad aparecían ciertas deficiencias en la planilla del año 1929 y que el ingreso neto tributable para dicho año, sujeto a contribución de 12½ por ciento, ascendía a $17,396.42; que de acuerdo con dicho cómputo la demandante debía pagar $2,174.56, suma que quedó reducida, por virtud de los $299.56 ya pagados, a $1,875; que añadiendo a esa suma la de $412.50 por intereses, el Tesorero exigió a la demandante el pago de la suma total de $2,287.50; que habiendo acudido la demandante en alzada ante la Junta de Revisión e Igualamiento ésta confirmó la tasación hecha por el Tesorero y denegó la reconsideración que le fué solicitada; y que la demandante pagó bajo protesta la suma de $1,837.60, cuya devolución se reclama en la súplica de la demanda.

Se queja la demandante de que la Junta de Revisión e Igualamiento no le concedió deducción alguna por los $12,000

dc sueldos pagados a los socios, ni una exención específica de $5,000, por ser la demandante una sociedad doméstica, y alega que de habérsele concedido tales deducciones el ingreso neto tributable de la demandante hubiera ascendido a $396.42 y la contribución a $49.55 en vez de la que se le ha cobrado.

La contestación del Tesorero demandado alega que los sueldos pagados a los socios no son deducibles del ingreso bruto de una sociedad, a los fines de computar el ingreso neto; que la demandante no reclamó la exención de $5,000 en sus planillas para 1929 y que a pesar de no haberla reclamado se le concedió una exención específica de $3,000; que la demandante no apeló de la decisión del Tesorero para ante la Junta; que no habiéndole sido planteada esa reclamación la Junta no tomó acción alguna en relación con ella a favor o en contra de la demandante; y que no habiendo agotado la demandante la vía administrativa, la corte de distrito carece de jurisdicción para conocer de esta reclamación.

Visto el caso, la corte de distrito dictó sentencia declarando con lugar la demanda en cuanto al crédito específico de $5,000 reclamado por la demandante, por entender que la sección 6 de la Ley Núm. 18 de 3 de junio de 1927 (pág. 491), enmendatoria del apartado (b) de la sección 34 de la Ley Núm. 74 de 1925 (pág. 483) es nula por ser anticonstitucional; y sin lugar en cuanto a los demás pedimentos de la demanda, sin especial pronunciamiento en cuanto a costas. El Tesorero interpuso el presente recurso y lo basa en dos señalamientos de error, a saber:

1. El haber declarado que la enmienda introducida en la sección 34 (b) de la Ley de Ingresos de 1927 es inconstitucional, y que dicha sección continuó en vigor tal y como fué aprobada en 1925.

2. Haber asumido jurisdicción para conceder un crédito que no fué reclamado al Tesorero ni considerado por la Junta de Revisión e Igualamiento.

La sección 34(*b*) de la Ley Núm. 74 de 1925, antes de ser enmendada leía así:

"Sección 34.—Para los fines de la contribución impuesta por la sección 28 solamente se concederán los siguientes créditos:

"(*a*)  *  *  *  *  *  *  *

"(*b*) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de veinte y cinco mil dólares, un crédito específico de $5,000 y en los demás casos, un crédito específico de $4,000."

La Ley Núm. 18 de 1927 enmendó la sección 34(*b*), supra, la cual lee ahora así:

"(*b*) En el caso de una sociedad o corporación doméstica cuyo ingreso neto no exceda de diez mil (10,000) dólares, un crédito específico de tres mil (3,000) dólares y en los casos en que el ingreso neto exceda de diez mil (10,000) dólares no se concederá crédito alguno."

En el caso de *F. Febles & Cía.* v. *Sancho Bonet, Tesorero*, 50 D.P.R. 778, se levantó como en el presente caso la cuestión sobre la validez constitucional de la sección 34(*b*) en la forma en que quedó enmendada por la Ley Núm. 18 de 1927. Se alegó, como ahora se alega, que el estatuto es discriminatorio porque a una sociedad que tenga un ingreso de menos de $10,000 se le concede un crédito específico de $3,000, mientras que a la sociedad que tenga un ingreso neto de más de $10,000 no se le concede rebaja alguna. Esta Corte Suprema revocó la sentencia de la corte inferior, que había declarado inconstitucional dicho estatuto, y por voz de su Juez Asociado Sr. Wolf se expresó así:

"La demandante tuvo un ingreso durante cada uno de los tres años de que se queja de menos de $10,000 y por tanto no fué afectada por las disposiciones de la Ley de 1927, que no otorgaba crédito alguno a las personas que recibieran más de $10,000. Nadie dudaría que la Legislatura tenía el derecho bajo un estatuto que por otra parte fuera constitucional, a fijar la rebaja en $3,000 más bien que en $5,000, si así lo hubiera deseado, como lo deseó. La parte del estatuto que concedía exenciones solamente a personas que recibían menos de $10,000 es un precepto independiente y el dejar de exentar

a las personas que recibían más de $10,000 no está entrelazado con el hecho, ni de él depende, de que las personas que reciban menos de $10,000 tengan una exención. Una persona que recibe menos de $10,000 no queda perjudicada a no ser por la rebaja de su exención de $5,000, existente bajo la ley de 1925, a $3,000 bajo la ley actual. Indudablemente la demandante podría ser beneficiada al declararse la ley inconstitucional pero por el presente se halla solamente en la posición de tener derecho a una rebaja de $3,000 más bien que de $5,000. Una entidad que reciba más de $10,000 es la que sufriría verdadero perjuicio, de sufrirlo. Fácilmente podría suceder que las personas que reciben más de $10,000 nunca ataquen el estatuto porque la ley podría ser derogada o enmendada antes de que éstas pudieran ser por ella afectadas. Por tanto, nos sentimos obligados a resolver que la demandante no fué afectada por la disposición legal y en su consecuencia que no tenía *status* ante la corte para atacar la validez del estatuto. (Citas).''

Es un hecho admitido que en el caso de autos el Tesorero de Puerto Rico, interpretando y aplicando el estatuto vigente con espíritu de liberalidad y equidad, concedió a la sociedad apelante un crédito específico de $3,000, no obstante no haber sido reclamado dicho crédito por la demandante y no obstante haber tenido dicha demandante un ingreso neto tributable de más de $10,000.

¿Tiene la sociedad apelante *status* para atacar ante la corte la validez del estatuto? Las mismas razones que tuvimos para resolver que F. Febles & Cía. no lo tenía, nos obligan a decidir que la sociedad apelante tampoco lo tiene. La única base o fundamento que podría aducirse para sostener la invalidez constitucional del estatuto—el discrimen en favor de las sociedades con ingreso neto de menos de $10,000 y en contra de las que tienen ingresos por más de esa suma— no puede alegarse en el presente caso. El Tesorero no actuó en forma discriminatoria. Trató a la sociedad demandante tal y como si su ingreso neto para 1929 no hubiese excedido de $10,000 y le concedió una rebaja de $3,000, la única que autoriza el estatuto. La demandante no ha sido afectada en manera alguna por la disposición estatutaria que no otorga crédito alguno a las sociedades que reciban menos de diez

mil dólares. Si sostuviéramos como pretende la apelante que el estatuto es válido en cuanto a las sociedades que ganan menos de diez mil dólares: que no lo es en cuanto a las que reciben más de esa suma, aun cuando se les conceda igual crédito que a las primeras; y que las que ganan más de diez mil dólares tienen derecho al crédito que autorizaba el estatuto antes de ser enmendado, estaríamos autorizando un discrimen en favor de las sociedades que realizan mayores beneficios y en contra de las menos afortunadas. La interpretación y aplicación del estatuto por el Tesorero en el caso de autos deben ser sostenidas como justas y razonables. La demandante no ha sufrido perjuicio alguno, pues ha recibido el mismo trato que una sociedad cuyo beneficio neto fuera menor de diez mil dólares. Por eso dijimos en el caso de Febles, supra, que "Una entidad que reciba más de $10,000 es la que sufriría verdadero perjuicio, de sufrirlo." Y aquí, repetimos, no ha habido discrimen y sí igualdad de trato.

En el caso de *J. M. Blanco, Inc.* v. *Sancho Bonet, Tesorero,* 55 D.P.R. 389, se levantó la misma cuestión constitucional que en el de Febles. Y esta Corte Suprema, por voz de su Juez Presidente Sr. Del Toro, después de citar y comentar los casos de *Domenech* v. *Havemeyer,* 49 F. (2d) 849 y *Loíza Sugar Co.* v. *Domenech, Tesorero,* 43 D.P.R. 892, se expresó así:

"De suerte que si el discrimen entre unos y otros contribuyentes observado en la Ley núm. 43 de 1921 (pág. 313), sección 17, fué la base de su declaración de inconstitucionalidad, siendo dicho discrimen similar al que se observa en la Ley núm. 18 de 1927, sección 6, también debe servir de base a su declaración de inconstitucionalidad.

"Ahora bien, ¿debe dicha declaración limitarse a la ley en cuanto resulta en realidad de verdad discriminatoria o hacerse en términos generales como lo hizo la corte de distrito, de tal modo que nula la enmienda quede en todo su vigor la ley que se trató de enmendar?

"A nuestro juicio la declaración debe hacerse en forma limitada, de acuerdo con el razonamiento contenido en la opinión del citado caso de *F. Febles y Cía.* v. *Sancho Bonet, Tes.,* supra, que dejamos

transcrito. Y siendo ello así, no tiene derecho la demandante a la exención de cinco mil dólares que reclama sino a la de tres mil que fija la sección 6 de la Ley núm. 18 de 1927 en su parte constitucional.

''A virtud de esta interpretación se da efecto a la voluntad legislativa en cuanto a la reducción de la exención de cinco a tres mil dólares (*F. Febles y Cía.* v. *Sancho Bonet, Tes.*, supra, pág. 780) y se concede la exención a todos por igual, lo mismo a los contribuyentes cuyos ingresos no excedan de diez mil dólares que a aquéllos cuyos ingresos pasen de esa suma, desapareciendo en tal virtud el discrimen y quedando la ley como si estuviera redactàda en la forma indicada por la propia corte sentenciadora para que resultara constitucional, a saber, exención de tres mil sobre los primeros diez mil dólares en todos los casos.''

Por las razones expuestas, creemos innecesario discutir el segundo señalamiento de error y opinamos que habiéndose cometido el primero *la sentencia recurrida debe ser revocada y desestimada la demanda, sin especial condenación en cuanto a costas.*