Porto Rico Fertilizer Company, demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 6690.—*Sometido:* Abril 11, 1935. *Resuelto:* Noviembre 13, 1935.

*J. Henri Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier y W. L. Butte,* abogados de la apelante; *Hon. Procurador General Benjamin J. Horton* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación doméstica Porto Rico Fertilizer Company pagó sin protesta al Tesorero de Puerto Rico en los años 1926, 1927, 1928, 1929, 1930, 1931 y 1932 las contribuciones que le fueron cobradas como agente retenedor de la Virginia Carolina Chemical Corporation, corporación de los Estados Unidos de América. El pago hecho en 1929 lo fué en 11 de junio de ese año. El 4 de octubre de 1933 la Porto Rico Fertilizer Company solicitó del Tesorero de Puerto Rico que le devolviese todas esas contribuciones por haber sido cobradas y pagadas erróneamente, fundándose en que si bien desde 1924 a 1931 tomó dinero a préstamo a la Virginia Carolina Chemical Corporation, todos esos préstamos fueron hechos en Richmond, Estado de Virginia, donde fué gastado el dinero y donde fueron pagados los intereses de los préstamos con dinero que la Porto Rico Fertilizer Company tenía en bancos de Nueva York, y en que la Virginia Carolina Chemical Corporation no ha tenido ni tiene agente en esta isla ni tampoco representante u oficina en la misma. El Tesorero negó las devoluciones interesadas, en cuanto a los pagos hechos hasta el 11 de junio de 1929 por haber transcurrido

·cuatro años desde su pago. También negó la devolución de las pagadas posteriormente a esa fecha. Contra esas resoluciones del Tesorero interpuso la Porto Rico Fertilizer Company demanda en la Corte de Distrito de San Juan para que condenase al Tesorero a devolver todas las expresadas contribuciones, alegando los hechos que acabamos de exponer. Dos pagos fueron hechos en 1926 y en la demanda se relacionan ocho causas de acción, una por cada pago realizado. Excepcionada esa demanda por no aducir hechos determinantes de causa de acción, sostuvo la corte esa alegación del demandado porque la reclamación hecha por los pagos a que se refieren las cinco primeras causas de acción se ha hecho después de haber transcurrido más de cuatro años. En cuanto a las satisfechas después del 11 de junio de 1929, que son a las que se refieren las tres últimas causas de acción, declaró la corte que no podía ordenar su devolución porque los pagos no fueron hechos bajo protesta y porque la Porto Rico Fertilizer Company debió apelar la negativa de devolución del Tesorero para ante la Junta de Revisión e Igualamiento antes de que pudiera acudir a los tribunales de justicia. Dictada sentencia de conformidad con esa resolución fué interpuesto este recurso de apelación por la demandante.

■■ La apelante reconoce en su alegato ante nosotros que las cinco primeras causas de acción están prescritas, por lo que limita la argumentación de su recurso a ser errónea la sentencia en cuanto a las tres últimas causas de acción, toda vez que no tiene el deber de hacer los pagos bajo protesta ni tampoco lo tenía de apelar la resolución del Tesorero para ante la Junta de Revisión e Igualamiento.

La Ley núm. 74 de 1925, que es de contribuciones sobre ingresos, vigente cuando los pagos objeto de esta apelación fueron hechos, faculta en su sección 75 al Tesorero para remitir, reintegrar y devolver toda contribución que aparezca injustamente impuesta o en cantidad excesiva o de cualquier manera erróneamente cobrada, imponiéndole el deber de in-

formar a la Legislatura al empezar cada sesión ordinaria de todas las transacciones a que en esa sección se le autoriza.

La misma ley en su sección 76 y bajo el epígrafe ''Limitación de pleitos y procedimientos entablados por el contribuyente'' dispone en su apartado (a) que las resoluciones de la Junta de Revisión e Igualamiento serán finales sin perjuicio de su reconsideración con arreglo a la ley, y que el contribuyente deberá satisfacer bajo protesta toda la contribución que le haya sido impuesta dentro del plazo fijado, pudiendo interponer dentro de los treinta días siguientes al pago bajo protesta demanda contra el Tesorero de Puerto Rico ante la Corte de Distrito correspondiente. Ese plazo de treinta días fué ampliado por la Ley núm. 8 de 1927 a un año. El apartado (b) de dicha sección 76 dispone que ningún pleito o procedimiento será declarado con lugar por ningún tribunal, cuando fuere entablado para recuperar una contribución sobre ingresos o beneficios excesivos que se alegare fué impuesta o cobrada errónea o ilegalmente, o para recuperar cualquier penalidad pecuniaria que se alegare fué cobrada sin autoridad, o para recuperar cualquier suma que se considerare excesiva o erróneamente cobrada por cualquier motivo, hasta que debidamente se haya presentado al Tesorero y en apelación ante la Junta de Revisión e Igualamiento una reclamación de reintegro o crédito, según lo establecido por la ley en ese sentido, y por los reglamentos dictados de acuerdo con dicha ley. El alcance de dichos apartados es que la contribución sobre ingresos debe ser pagada bajo protesta para poder reclamar su devolución, y el pleito contra el Tesorero establecido dentro de un año, pero que dicho procedimiento no será declarado con lugar por el tribunal a menos que habiéndose efectuado el pago bajo protesta se haya presentado al Tésorero y en apelación ante la Junta de Revisión e Igualamiento, antes o después de dicho año, una reclamación de reintegro. Ya hemos dicho antes que en el presente caso no se hizo el pago bajo protesta, como debió haberlo sido.

Por otra parte, era necesaria la apelación por la apelante ante la Junta de Revisión e Igualamiento de la resolución del Tesorero que negó la devolución que se le pidió. Las palabras de la ley sobre apelación ante la Junta de Revisión e Igualamiento son bastante explícitas para concluir que concedieron una apelación ante la Junta. Tal apelación no fué hecha.

Por no haberse hecho el pago bajo protesta y por no haber sido interpuesta apelación ante la Junta de Revisión e Igualamiento, *la sentencia apelada debe ser confirmada.*